IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Anthony Woods, | ) | |
| | ) | C.A. No. 6:24-502-HMH-KFM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| S.C. Department of Social Services, | ) | |
| Child Support Enforcement, | ) | |
| Cintas Headquarters, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald made in accordance with 28 U.S.C. § 636(b) and District of South Carolina Local Civil Rule 73.02. Plaintiff, proceeding pro se and in forma pauperis, brings this civil action challenging the garnishment of his wages to pay child support. Plaintiff asserts various claims seeking monetary damages from the Defendants based on several federal statutes, including the Civil Rights Act, 42 U.S.C. § 1983, and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p. In his Report and Recommendation filed on February 28, 2024, Magistrate Judge Kevin F. McDonald recommends: (1) dismissing Plaintiff's claims with prejudice, without leave to amend, and without issuance and service of process, (2) sanctioning Plaintiff $405.00 for filing this duplicative and frivolous action,[1] and (3) authorizing the Clerk of

---

[1] Plaintiff has previously filed two other cases raising frivolous claims. See Woods v. Brookside Pointe Apartments, C/A No. 6:23-cv-05108-HMH, 2023 WL 7924684 (D.S.C. Nov. 16, 2023); Woods v. S.C. Dep't of Soc. Servs., C/A No. 6:23-cv-04812-HMH, 2023 WL 7222667 (D.S.C. Nov. 2, 2023).

1

Court, in the event Plaintiff attempts to file another action in this court before paying the filing fee and sanction from this case, to assign civil action numbers (for docket control purposes) so that Magistrate Judge McDonald may (a) instruct Plaintiff to pay the sanctions (and if the sanctions are not paid, dismiss the action without prejudice and without issuance and service of process) or (b) certify that the action is not frivolous. (R&R 11-12, ECF No. 17.)

Plaintiff timely filed objections to the Report and Recommendation. (Objs., generally, ECF No. 21.) Objections to a report and recommendation must be specific. A report and recommendation carries no "presumptive weight," and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 271 (1976). The court reviews de novo "those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or "recommit the matter . . . with instructions." 28 U.S.C. § 636(b)(1). "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). In the absence of specific objections, the court reviews only for clear error, Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the report, Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Upon review, the court finds that Plaintiff has failed to raise any specific objections to the Report and Recommendation. Plaintiff does not address the substance of the magistrate judge's findings or conclusions, merely restates the factual basis for his claims, and attempts to assert

new claims that fail for the same reasons outlined in the Report and Recommendation. Therefore, after reviewing the Report and Recommendation for clear error and finding none, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that this action is dismissed with prejudice, without leave to amend, and without issuance and service of process. It is further

**ORDERED** that Plaintiff is sanctioned $405.00, payable to the Clerk of Court at 250 East North Street, Greenville, SC 29601, for filing this duplicative and frivolous action. It is further

**ORDERED** that in the event Plaintiff attempts to file another action in this court before paying the sanction from this case, the Clerk of Court is authorized to assign civil action numbers (for docket control purposes) to allow the assigned magistrate judge to (1) instruct Plaintiff to pay the sanctions (and if the sanctions are not paid, dismiss the action without prejudice and without issuance and service of process) or (2) certify that the action is not frivolous.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
March 14, 2024

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.